Cook vs. Jenkins.

from then up to the time of delivery, with interest on each years' dues from the first of the succeeding year.

The plaintiff complains of this judgment as erroneous.

---

HAMLIN J. COOK, plaintiff in error, vs. E. W. JENKINS, defendant in error.

[1.] In this case the award required the partner taking charge of the assets to indemnify his copartner against the firm liabilities.    Even if such had not been the terms of the award, a Court of Equity should have required such indemnity; and in either case, therefore, it was proper not to dissolve the injunction without imposing such indemnity as a condition.

Under the general prayer for relief, appropriate relief, on the case made should be granted
[2.] Though discovery be expressly waived, an answer is still necessary as pleading.   Whe-
ther, in such case, the answer can be excepted to by complainant, because not full, &c.,
not decided.

Award.   Exceptions to Answer.   Dissolution of Injunc-
tion.   In Dougherty Superior Court.   Decisions by Judge
Cole.   June Term, 1866.

Cook filed his bill  against Jenkins to settle a controversy
touching the affairs of the late firm of H. J. Cook & Co., a
copartnership, of which Cook and Jenkins were the mem-
bers.   The bill prayed for an injunction, which was granted.

On the coming in of the answer, the case was referred by
the parties to arbitrators, under the act of March 5th, 1856,
with full power to determine all questions that might arise
in the case, according to the laws of Georgia, the principles
of equity, and the rules of practice in the Superior Courts,
either party having the right to except to the decision made
upon any legal question, and carry the same to the Superior
Court for adjudication.

The submission bore date September 21st, 1865.

The arbitrators, with the umpire selected by them, ren-
dered an award; after notice of which, Jenkins filed his bill
in equity to set the same aside, and prayed for an injunction
to restrain Cook, in the meantime, from collecting and con-
troling the firm asets.   The injunction was granted; and
Cook, after answering the bill, moved, at June Term, 1866,
to dissolve the injunction and dismiss the bill.   Before this
motion was heard, counsel for Jenkins excepted to Cook's
answer.   Counsel for Cook insisted that the exceptions
could not be entertained, because the complainant's bill
expressly waived and disclaimed any discovery, and the
answer was filed simply to show cause why the injunction
should be dissolved, and for no other purpose.   The Court
overruled the objection, took up and considered the excep-
tions; and this is assigned as error. .

The Court refused to dissolve the injunction and dismiss

the bill unconditionally, but ordered that the same be done, on condition that Cook give bond to save the complainant, Jenkins, harmless on the firm liabilities. The prescribing of this condition is complained of as error.

At the same term of the Court, counsel for Cook moved to make the award the judgment of the Court; to which motion counsel for Jenkins filed written objections denying that the evidence authorized the arbitrators to find, as they did, upon certain points; or that the facts were sufficient to compel them to award as they did upon certain other points; and alleging, in general terms, that the award was the result of accident, mistake and fraud, and a violation of the law and of the articles of submission.

To these objections, counsel for Cook demurred. The Court overruled the demurrer, refused the motion to make the award the judgment of the Court, and ordered an issue to be made up on the objections. This, also, is assigned as error.

IRVIN, for plaintiff in error.

STROZIER and SMITH, for defendant.

HARRIS, J.

[1.] The defendant in error, upon receiving notice of an award having been made against him in the matters of difference between him and plaintiff in error, under the arbitration act of 1856, filed his bill in equity to set aside said award, and prayed and obtained an injunction to restrain his copartner, Cook, from collecting and controlling, whilst the litigation was pending, the partnership assets. The bill was answered, and objections filed to the sufficiency of the answer. A motion was made by plaintiff in error to dissolve the injunction, which was granted on the condition that Cook give bond and security to indemnify and save Jenkins harmless as to the firm liabilities. This requirement is assigned as error.

It seems to us that this condition is substantially in accor-

dance with the award; but even if the arbitrators had failed to make such provision, a Court of Equity should have promptly interposed in behalf of the defendant in error. It would have been a great outrage to divest the defendant, however badly he may have acted, of all the assets of the firm—all his interest in the firm property—all power to collect, or control, or interfere with any of it; indeed, to put all in the unlimited and uncontrolled disposition of Cook, and leave defendant stripped of all property and power, without any protection or indemnity against the demands or suits which might be made against him as a copartner. We apprehend that it belongs, necessarily, to the office of chancellor, when decreeing relief, to give, in every case under the general prayer, such relief as is appropriate, whether specifically asked or not. This power would have enabled the Judge below to have exacted security against the misapplication of the partnership assets; but the indemnity required was such as the award authorized, as by it the firm debts were to be paid by Cook.

All objections to the award having been waived by the counsel for the defendant in error, we are relieved from at all looking into the volumnious transcript of the record accompanying the bill of exceptions.

[2.] Nor is there any necessity for considering and deciding in this case, whether a party defendant to a suit in euqity is relieved from the duty of making a full and responsive answer to the bill because complainant has waived any discovery from defendant as a witness. It is very certain that an answer (notwithstanding the change made by statute) is still as necessary as a pleading as ever, and as such cannot be dispensed with. Many reasons occur to us why an answer, though discovery be waived, should still be full and responsive. Certainly, it is the safer course to adhere to old forms until they may be abandoned by authority. In thus expressing ourselves, we desire it to be understood that we do not thereby decide the point made; it will be decided only after full argument and careful deliberation.

Let the judgment below be affirmed.